UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:04-CV-729-H

JAMES YARSIAH                                                                  PLAINTIFF

v.

GEORGE DETELLA                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, James Yarsiah, *pro se*, seeks compensatory damages, under 42 U.S.C. § 1983, from Defendant, George Detella, Chief, Jefferson County Metro Corrections Department, for injuries sustained in an inmate attack. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. The Court will dismiss the complaint for failure to state a claim on which relief may be granted.

**I.**

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002).

**II.**

Plaintiff alleges that while he was detained in Metro Corrections, an unknown inmate attacked Plaintiff in his cell for no reason after an officer unlocked all the cells at once, following a lockdown. Plaintiff alleges permanent injuries to his neck and back. Plaintiff filed a grievance, but received no response before filing suit.

Plaintiff sues Chief Detella, in an unspecified capacity. The Statement of the Claim portion of this form complaint omits any reference to Chief Detella's involvement in the incident.

Plaintiff is no longer incarcerated.

**III.**

The Court's duty to construe *pro se* complaints liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing the defendant with fair notice of the basis of a claim. *Sweikiewicz v. Sorema*, 534 U.S. 506, 514 (2002). To state a claim for relief, the plaintiff must allege how a defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). "It is not enough for a complaint ... to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

This means the plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834 (6th Cir. 2002). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v.*

*Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

      Here, the complaint contains no allegations describing how Defendant Detella was personally involved in the incident about which Plaintiff complains. It is not clear whether Plaintiff asserts a claim against Defendant in his individual capacity for his direct involvement or for his supervisory role. Plaintiff omits any mention of a policy or custom, an essential element of an official capacity claim. There are simply insufficient facts to support a claim. Because the complaint lacks the requisite specificity, the Court must dismiss the complaint.

      The Court will enter an order consistent with this Memorandum Opinion.

      Dated:

cc:    Plaintiff, *pro se*

4412.007